UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KISHA RANDERSON,

    Plaintiff,

v.                                          Case No: 8:15-cv-615-T-30TBM

TAYLOR HAYDEN, PLLC, *et al.*,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. #29), Defendants' Motion to Strike Demand for Jury Trial (Dkt. # 30) and Plaintiff's Responses in Opposition to the Motions (Dkts. #31 and #32). Upon review and consideration, it is the Court's conclusion that the Second Amended Complaint should be dismissed.

### *Background*

Plaintiff filed her Second Amended Complaint against the Defendants, a law firm and one of its attorneys, alleging that they violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). Defendants sent a presuit letter to Plaintiff informing her that she was in default of her mortgage and that her mortgage holder would pursue foreclosure as a result of the default. Defendants then served her with a foreclosure complaint, which included a notice pursuant to the FDCPA. In her Second Amended Complaint Plaintiff alleges in Count I that Defendants violated § 1692e(10) of the FDCPA

by attaching an unlawful notice to the foreclosure complaint which is deceptive and misleading and in Count II that Defendants violated § 1692e(5) of the FDCPA by threatening to collect attorneys' fees in the presuit letter and foreclosure complaint when they had no intention of doing so.

### I.     The Presuit Letter

The presuit letter states that "[t]his law firm may be deemed a debt collector under the Fair Debt Collection Practices Act. Any information obtained will be used for the purpose of collecting debt." The presuit letter identifies U.S Bank, National Association, a/k/a U.S. Bank, N.A. as the creditor or the servicing agent for the creditor "to whom the mortgage debt is owed[,]" and states that the "loan is evidenced by a note and mortgage" and that the letter serves as a "formal notice of the existence of a default under said loan documents."  The letter provides this caveat: "if you previously received a discharge in bankruptcy involving this loan and did not sign a reaffirmation agreement, then this letter is not an attempt to collect a mortgage debt from you personally; however, you could lose your home by foreclosure in the event any default is not cured."

### II.     The Foreclosure Complaint

The foreclosure complaint contains a "Fair Debt Notification" with the following heading:

> **NOTE: PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

(Emphasis in original).

The Notice also states that:

> …In the event that Taylor Hayden, PPLC is deemed a "debt collector" within the meaning of the [FDCPA], we are hereby giving notice of our attempt to collect a debt….Unless Taylor Hayden, PLLC is notified, within thirty days we will assume the debt is valid. If we are notified within thirty days, we will either obtain verification of the debt or obtain a copy of the judgment or other instrument upon which the obligation is based.
>
> If, however, you request proof of the debt or the name and address of the original creditor within the thirty day period which begins with your receipt of this complaint, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

The foreclosure complaint alleged that "[U.S. Bank, N.A.] is entitled to enforce the Note…as the Holder of the Note[,]" and states that although the "[b]orrowers, as makers of the Note, are typically personally liable for a deficiency, if any; … [U.S. Bank, N.A.] is seeking an in rem judgment only and is waiving all rights to seek amounts which do not satisfy a judgment entered by this Court." It further alleged that "[U.S. Bank, N.A.]… is entitled to and seeks to be awarded [attorneys'] fees, in accordance with the applicable language of the Note and Mortgage contracts attached."

### III. The Motion to Dismiss

Defendants argue in their Motion to Dismiss that the Plaintiff has not sufficiently alleged a violation of the FDCPA because she fails to establish a threshold issue: that she was subject to debt collection. Defendants argue that they were merely engaged in enforcing a security instrument which is not "debt collection" activity under the FDCPA as a matter of law. Further, to the extent the Court holds that the facts sufficiently allege

3

that the Defendants were engaged in debt collection activity, they argue that the "Fair Debt Notification" attached to the foreclosure complaint is not deceptive and that the Defendants did not make any unlawful "threat." Therefore, Defendants argue, Plaintiff's claims do not allege any violation of the FDCPA.

*Discussion*

I. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

II. **Cause of Action under the FDCPA**

The FDCPA prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It further prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken[,]" *id*. at § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id*. at § 1692e(10). However, before a plaintiff can state a plausible FDCPA claim under § 1692e, a plaintiff must allege sufficient facts

4

demonstrating that the defendant is a "debt collector" and that the challenged conduct is related to "debt collection." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

The Defendants do not dispute that they are debt collectors, but do dispute that the presuit letter and foreclosure complaint are an attempt to collect debt. Therefore, before the Court can analyze whether Plaintiff sufficiently states any cause of action for violation of § 1692e of the FDCPA, the Court must first determine whether the presuit letter and foreclosure complaint are communications that constitute debt collection activity. Once the Court makes that determination, it can then analyze whether any part of the presuit letter or foreclosure complaint violate a specific provision of § 1692e of the FDCPA.

    a.  **Debt Collection Activity**

Defendants argue that they are not engaged in debt collection because the presuit letter merely provides a notice of default, and the foreclosure complaint sought only to foreclose on the security interest, and explicitly states that it will not seek a deficiency judgment against the Plaintiff. Therefore, Defendants argue, they were merely engaged in the enforcement of a security interest. Plaintiff argues that the presuit letter and foreclosure complaint are clearly debt collection activity under the FDCPA and the FDCPA does not exclude foreclosure actions *per se*.

Foreclosing on a mortgage in default, standing alone, is the enforcement of a security interest, not debt collection. *See Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx 458, 461 (11th Cir. 2009). However, a deficiency action seeking payment on the promissory note does constitute debt collection activity. *Baggett v. Law Offices of*

5

*Daniel C. Consuegra, P.L.*, No. 3:14–CV–1014–J–32PDB, 2015 WL 1707479, at *5 (M.D. Fla. Apr. 15, 2015). Therefore, communications that attempt to enforce a security interest may also constitute an attempt to collect the underlying debt if it seeks payment on the note. *See Reese*, 678 F.3d at 1217–18. *See also Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012) (treating a letter seeking payment on a promissory note secured by a mortgage as "an attempt at debt collection" within the meaning of the FDCPA); *Birster v. Am. Home Mortg. Servicing, Inc.*, 481 Fed. Appx. 579, 583 (11th Cir. 2012) (same). *But see Hasbun v. Reconstruct Co., N.A.,* 508 Fed. Appx. 941 (11th Cir. 2013) (affirming dismissal of an FDCPA claim, in part because the communication at issue explicitly informed the plaintiff that the defendant was not demanding payment of a debt; instead, it was notifying her that the property was being foreclosed).

Although some courts have stated that *Warren* has been "called into question" by the Eleventh Circuit's decision in *Reese*; *see Johnstone v. Aldridge Connors, LLP*, No. 13–61757–CIV, 2013 WL 6086049 (S.D. Fla. Nov. 20, 2013), the *Reese* court expressly declined to revisit its decision in *Warren*. *See Reese*, 678 F.3d at 1218 n. 3. *See also Dunavant v. Sirote & Permutt, P.C.*, No. 14-13314, 2015 WL 525536 (11th Cir. Feb. 9, 2015) (holding that its previous holdings in *Warren* and *Birster* are not in conflict and deciding that publication of a foreclosure sale notice was not debt collection activity). *See also Helman v. Udren Law Offices, P.C.*, 0:14-CV-60808, 2014 WL 7781199, at *5 (S.D. Fla. Dec. 17, 2014) (holding that a mortgage default notice offering alternatives to foreclosure but not demanding payment was not debt collection activity under the FDCPA). Therefore, whether the presuit letter and foreclosure complaint constitute debt collection

activity under the FDCPA depends on the specific language in the communications. *See Reese*, 678 F.3d at 1217.

The Court concludes that the presuit letter plausibly constitutes debt collection activity. The presuit letter: (1) informs Plaintiff that the mortgage was in default, (2) itemizes the mortgage debt, (3) warns that the total amount may increase due to additional interest, late charges, costs and attorneys' fees, and (4) offers a way to get updated figures "if [there is a] desire to pay off the loan." Although it does not make an express demand for payment or set a deadline for payment, the presuit letter ultimately could "exhibit a tangible pressure upon the recipient" to pay by suggesting she cure the default and avoid additional costs and fees. *See Helman,* 2014 WL 7781199*,* at *5 (citing *Gburek v. Litton Loan Servicing LP,* 614 F.3d 380 (7th Cir. 2010)).   *See also Goodin v. Bank of Am., N.A.*, 3:13-CV-102-J-32JRK, 2015 WL 3866872, at *16 n. 10 (M.D. Fla. Jun. 23, 2015) ("[T]he addition of payment instructions, due dates, and an amount owed differentiate the letters in this case and demonstrate that the statements had the animating purpose of collecting on the debt.").

Accordingly, taking the allegations in the Second Amended Complaint in the light most favorable to the Plaintiff, the presuit letter plausibly qualifies as debt collection activity under the FDCPA.  Plaintiff must therefore allege sufficient facts to demonstrate that the Defendants violated a specific provision of the FDCPA by sending this presuit letter to sustain her claim.

The foreclosure complaint, as opposed to the presuit letter, does not constitute debt collection activity because it explicitly states that U.S. Bank, N.A. would not seek a

7

deficiency judgment and waived its right to do so. *See Freire v. Aldridge Connors, LLP*, 994 F. Supp. 2d 1284, 1287-88 (S.D. Fla. 2014) (citing *Reese*, 678 F.3d at 1217) ("[I]n the Eleventh Circuit, the filing of a mortgage foreclosure action will constitute debt collection activity *only when the complaint seeks also to collect on the note*, that is, to 'demand payment on the underlying debt.' ") (emphasis added). *See also Gillis v. Deutsche Bank Trust Co. Americas*, 2:14-CV-418-FTM-38, 2015 WL 1345309, at *3 (M.D. Fla. Mar. 23, 2015) (dismissing FDCPA claim against lawyers and law firm that filed an in rem foreclosure action seeking to foreclose and reestablish the note but not to collect a deficiency judgment; plaintiff did not identify any acts that could constitute an attempt to collect a debt.)

Although the foreclosure complaint did state that U.S. Bank, N.A. would be entitled to attorneys' fees[1] "pursuant to the Note and mortgage" and the foreclosure judgment stated that the court would retain jurisdiction regarding "orders related to pursuit and entry of a deficiency judgment…[and] awarding supplementary attorneys' fees," [2] these statements are insufficient to bring this foreclosure complaint within the ambit of the FDCPA.

---

[1] The Court explicitly rejects Plaintiff's argument that merely seeking attorneys' fees in an in rem foreclosure action somehow transforms it into an in personam action subject to the FDCPA. Attorneys' fees can be added to a foreclosure judgment and collected through the sale of the property. *See R.S.B. Ventures, Inc. v. F.D.I.C.*, 514 Fed. Appx. 853, 858-59 (11th Cir. 2013) (instructing district court to add the attorney's fees award to the foreclosure judgment based on terms of mortgage agreement).

[2] The Florida Supreme Court approved form for Final Judgments of Foreclosure includes similar language: "Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment." Fla. R. Civ. Pro. Form 1.996(a). The committee notes confirm that "this form of judgment does not create a personal final money judgment against the defendant borrower, but rather an in rem judgment against the property." *Id.*

### b. Violation of a Specific Provision of the FDCPA

Plaintiff alleges in Count I that Defendants violated § 1692e(10) of the FDCPA by attaching a notice to the foreclosure complaint that informed the Plaintiff that she had thirty days to dispute the validity of the debt, while the summons informed her the she had twenty days to file a response to the complaint. Since Count I depends entirely on the communications in the foreclosure complaint, and the Court has concluded that the foreclosure complaint in this case does not constitute debt collection activity, Count I fails as a matter of law.

In Count II Plaintiff alleges that "[u]pon information and belief, Defendants were fully aware that they had no intent to seek any attorneys' fees from Plaintiff." Plaintiff argues that the fact that the foreclosure judgment does not include an award of attorneys' fees is evidence that the Defendants had no intention to pursue fees. The operative language in the presuit letter states that "because…attorney's fees and legal costs…may vary from day to day, this total amount will increase." Plaintiff furhter alleges that the itemization for "Corporate Advances" in the amount of $3,953.52 is a demand for attorney's fees. Plaintiff also relies on the demand for attorneys' fees in the foreclosure complaint as an additional basis for Defendants' violation § 1692e(5) of the FDCPA.

Pursuant to § 1692e(5) of the FDCPA, debt collectors are prohibited from threatening "to take any action that cannot legally be taken or that is not intended to be taken." Although generally, courts use an objective "least sophisticated consumer" standard to determine whether a collection notice violates the FDCPA, the sophistication of the consumer is "irrelevant to a determination that subsection (5) of § 1692e has been

9

violated." *Rivera v. Amalgamated Debt Collection Services, Inc.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)). In evaluating an alleged violation of § 1692e(5), the Court needs to only look to the debt collector's intent to take the action threatened. *Rivera,* 462 F. Supp. 2d at 1227.

The Court concludes that Count II fails as a matter of law. Since the Court determined that the foreclosure complaint does not constitute debt collection, Plaintiff cannot rely on it as a basis for this claim. As to the presuit letter, taking Plaintiff's allegations as true, the Defendants threatened to seek attorney's fees by listing them in the presuit letter and warning that they would increase. But, the foreclosure complaint attached to the Second Amended Complaint does in fact demand attorneys' fees which contradicts Plaintiff's allegations that Defendants did not *intend* to seek those fees.

Additionally, Plaintiff's allegations are conclusory and offer no supporting facts regarding Defendants lack of intent to seek fees in the foreclosure complaint. *See Little v. Portfolio Recovery Assoc., LLC*, 548 Fed. Appx. 514, 516 (10th Cir. 2013) (dismissing plaintiff's claim under § 1692e(5) where she did not allege any facts supporting an inference that the debt collector's threats to litigate were legally proscribed or not made in good faith). When the conclusory allegations in a complaint contradict the exhibits attached, the exhibits control. *See Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

Therefore, Plaintiff's allegations must fail because the Defendants took the threatened action. *See Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1217 (D. Kan. 2014) ("In fact, defendant took the threatened action by filing suit against plaintiff Kalebaugh and plaintiff Ray seeking recovery of the amount of the debt as well as attorney's fees."); *Bieber v. Associated Collection Servs., Inc.*, 631 F.Supp. 1410, 1416 (D. Kan. 1986) (finding § 1692e(5) not violated where the threatened action of filing a lawsuit was taken by defendant's client, the creditor).

Plaintiff's argument, that the lack of an award of attorney's fees in the foreclosure judgment is evidence that Defendants did not intend to recover its fees, is unavailing. *See Newman v. Ormond*, 396 Fed. Appx. 636, 640 (11th Cir. 2010) (holding that request for attorney's fees that comply with Florida law and are contractually permitted do not violate the FDCPA simply because the amount the court ultimately awards differs from the amount requested). Therefore, the Court grants the Motion to Dismiss Count II of the Second Amended Complaint.

*Conclusion*

Plaintiff does not sufficiently allege that Defendants were engaged in debt collection activity as defined in the FDCPA when it filed and served an in rem foreclosure complaint against her. Therefore, she cannot state a claim for violation of § 1692e(10) of the FDCPA in Count I of her Second Amended Complaint. Although Plaintiff does sufficiently allege that the presuit letter is debt collection activity under the FDCPA, her allegations that Defendants threatened to collect attorney's fees without any intention of actually doing so in violation of § 1692e(5) of the FDCPA are conclusory and contradicted by the foreclosure

11

complaint. Therefore Plaintiff's Second Amended Complaint fails to state a cause of action. Defendants' Motion to Strike Demand for Jury Trial is moot.

It therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. #29) is **GRANTED**.

2. The Court dismisses Plaintiff's Second Amended Complaint with prejudice, given that this complaint was Plaintiff's third attempt to state a claim against the Defendants.

3. All pending motions are denied as moot and the Clerk of Court is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of June, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-615 dismiss 29.docx